UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-4296(DSD/KMM)

Saied Azimpour,

        Plaintiff,

v.                                                          **ORDER**

Select Comfort Corporation,

        Defendant.

    Kate M. Baxter-Kauf, Esq. and Lockridge Grindal Nauen PLLP, 100 Washington Avenue S, Suite 2200, Minneapolis, MN 55401, counsel for plaintiff.

    Andrew S. Hansen, Esq. and Fox Rothschild LLP, 222 South Ninth Street, Campbell Mithun Tower, Suite 2000, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion for leave to file a first amended class action complaint by plaintiff Saeid Azimpour. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

The background of this matter is fully set forth in the court's order dated June 13, 2016, and will not be repeated here. In that order, the court dismissed Azimpour's class claims under Rule 12(b)(6) and dismissed his individual claims for lack of subject matter jurisdiction. Consistent with dismissals for lack of jurisdiction, the court dismissed the complaint without prejudice. Notably, the court did not grant Azimpour leave to file an amended complaint. The court entered judgment the same day.

Thirty days later, Azimpour filed the instant motion seeking

leave to file an amended complaint to address the deficiencies in his original complaint with respect to his class allegations. Azimpour brings this motion under Fed. R. Civ. P. 15(a)(2).

"Although a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal." Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1082 (8th Cir. 1993). "[I]nterests of finality dictate that leave to amend should be less freely available after a final order has been entered." United States ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 823 (8th Cir. 2009). The court has "considerable discretion to deny a [timely] post judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits." United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 743 (8th Cir. 2014) (internal quotations omitted). Post judgment leave to amend "will be granted if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." Id. (citing Dorn v. State Bank of Stella, 767 F.2d 442, 443-44 (8th Cir. 1985)).

Although Azimpour fails to address either Rule 59(e) or Rule 60(b) in his motion to amend, the court will do so here. If construed as a motion to alter or amend the judgment under Rule 59(e), the motion is untimely. "A motion to alter or amend a

2

judgment must be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). Azimpour filed the instant motion 30 days after judgment was entered and it is thus untimely.

Although likely timely brought under Rule 60(b), Azimpour's motion fares no better under that rule. "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." <u>Atkinson v. Prudential Prop. Co.</u>, 43 F.3d 367, 371 (8th Cir. 1994) (citation and internal quotation marks omitted). A motion made pursuant to Rule 60(b) is "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." <u>Dale & Selby Superette & Deli v. U.S. Dep't of Agric.</u>, 838 F. Supp. 1346, 1348 (D. Minn. 1993). No such circumstances are present here.

Azimpour argues that he should be permitted leave to file an amended complaint because he has drafted a new complaint addressing the deficiencies in his original complaint. Azimpour fails to identify any extraordinary circumstances that prevented him from seeking leave to amend before the entry of judgment. "Unexcused delay is sufficient to justify the court's denial ... if the party is seeking to amend the pleadings after the court has dismissed the claims it seeks to amend, particularly when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed, but failed to do so." <u>Horras v. Am. Cap.</u>

3

Strategies, Ltd., 729 F.3d 798, 804 (8th Cir. 2013).

Azimpour was aware of Select Comfort's challenges to the complaint as early as January 22, 2016, when Select Comfort filed its motion to dismiss. Yet, in the intervening six months, he failed to file a motion seeking leave to amend before the case was dismissed. He simply maintained that his claims were adequately pleaded. Even now, Azimpour provides no explanation for his delay in seeking to amend. Under these circumstances, reopening the case to allow Azimpour leave to amend would give him an unwarranted "second bite at the apple," and would unduly prejudice Select Comfort by requiring it to incur litigation costs that could have been avoided had he moved to amend before judgment.

Accordingly, based on above, **IT IS HEREBY ORDERED** that the motion for leave to file first amended class action complaint [ECF No. 38] is denied.

Dated: July 26, 2016

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court